UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Girod | Civil action no. 6:15-cv-02112 |
| versus | Judge Rebecca F. Doherty |
| ACCC Insurance Co, et al | Magistrate Judge Carol B. Whitehurst |

## ORDER OF REMAND

This matter was filed by plaintiff, Kenneth Girod, in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana. Plaintiff named as defendants, ACCC Insurance Company ("ACCC"), Great American Insurance Company ("GAIC") and Rodric L. Anderson. Citations were not issued and service of process was not made on any of the defendants. GAIC, however, filed a Notice of Removal based on diversity jurisdiction stating, "no defendant is a citizen of the State of Louisiana and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." GAIC attached the Declaration of Karen Handel, the company's Claims Technical Director, in which Handel stated that GAIC issued an occupational accident insurance policy to plaintiff and as a result of claims submitted by plaintiff had paid $1,292.00 in medical expense benefits and $13,936.32 in Temporary Total disability benefits with $50,053.84 in potential benefits remaining. *R. 1, Exh. B.*

By Stipulation of Dismissal entered on August 14, 2015, Plaintiff dismissed

GAIC without prejudice as "the only defendant who has made an appearance in this action." *R. 8*. On October 6 and 13, 2015, Plaintiff issued summons to Rodric L. Anderson and ACCC, respectively. *R. 10,11*. The record demonstrates that no service has been returned on Anderson[1], but summons was returned executed as to ACCC on October 20, 2015. *R. 12*. Despite the November 10, 2015 deadline for ACCC to file responsive pleadings, none have been filed into the record.

At the time of removal based on diversity jurisdiction GAIC was the only defendant in this case. GAIC was dismissed and there are no other defendants in this case. "[T]he post-removal addition or omission of a party, as opposed to a post-removal change in an existing party's circumstances, may indeed destroy diversity jurisdiction and require remand." *Neff v. Bank of America, N.A.*, 2015 WL 3651484, at *4 (W.D.Tex.,2015)(citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152–53 (3rd Cir.2009) and *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)). As in *Neff*, GAIC's dismissal from this case amounts to a change in parties that destroys diversity. The federal statute on post-removal procedure advises "if at any time before final judgment it appears that the district court lacks subject matter

---

[1] The Court notes that counsel for plaintiff has filed a second motion for appointment of counsel for Rodric L. Anderson, as an "absentee defendant" under Louisiana Code of Civil Procedure article 5091. Article 5091 is a Louisiana state law procedure device which applies only in limited situations, e.g. unrepresented succession with *in rem* proceedings; an unpaid curator in lawyer disciplinary proceedings. The Court denied the first motion indicating that La. CCP art. 5091 does not apply to this federal case.

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In this case, the dismissal of GAIC, the only diverse defendant, requires this court to remand.[2] " *Neff v. Bank of America, N.A.*, 2015 WL 3651484, at *4. Accordingly,

**IT IS ORDERED** that this matter shall be remanded to the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, for lack of subject matter jurisdiction.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall remand the action forthwith.

Signed at Lafayette, Louisiana, on this 19th day of November, 2015.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The record contains no evidence as to whether or not ACCC or Anderson satisfy the residency requirements to be considered diverse.